**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORINDA ROSARIO-LOPEZ et al., | No. 08-74827 |
| Petitioners, | Agency Nos.     A098-292-076 |
| | A098-292-077 |
| v. | A098-292-078 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Florinda Rosario-Lopez and her daughters, natives and citizens of

Guatemala, petition pro se for review of a Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Hernandez-Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir. 2000), and for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny in part and grant in part the petition for review, and we remand.

We lack jurisdiction to consider whether the harm Rosario-Lopez suffered rises to the level of past persecution because this argument was not presented to the BIA. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (the court lacks jurisdiction to consider claims not exhausted administratively).

The BIA found Rosario-Lopez failed to establish a well-founded fear of future persecution on account of a protected ground and rejected her contention that she and her daughters were members of a particular social group of women in Guatemala. We recently held that the BIA's determination that a social group consisting of all women in Guatemala was not cognizable conflicted with its own precedent and remanded the case for further proceedings. *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010). Accordingly, we grant Rosario-Lopez's petition for review with respect to her asylum and withholding of removal claims and remand to the BIA for further proceedings consistent with *Perdomo*. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

08-74827

Substantial evidence supports the BIA's denial of CAT relief because Rosario-Lopez failed to establish it is more likely than not she will be tortured by or with the acquiescence of the government of Guatemala.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part.  GRANTED in part. REMANDED.**